IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 18-21053-CIV-GAYLES

JEFFREY PETER DATTO, Ph.D.,
 Plaintiff,
v.
ASSOCIATION OF AMERICAN
MEDICAL COLLEGES, et al.,
 Defendants.
_____/

FILED by JAO D.C.

SEP 17 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

### Motion for a Preliminary Injunction against Defendants: University of Central Florida Board of Trustees, Ohio State University, and University of Miami

Plaintiff is moving this Court for a preliminary injunction against University of Central Florida Board of Trustees ("UCF"), Ohio State University ("OSU"), and University of Miami ("UM") requiring them to set reasonable conditions if successfully met will result in Plaintiff's ability to enroll into their medical school, and in support there of avers as follows:

1. Plaintiff previously filed for a motion for a Preliminary Injunction Pro Se against AAMC medical school Thomas Jefferson University ("TJU") in the Pennsylvania Court of Common Pleas.

2. This motion was granted. (*See* Judge's opinion attached as Exhibit "A").

3. At the hearing for that Motion, Plaintiff presented a re-instatement agreement he had with the University saying he would definitely be allowed back into the University when he meets established conditions for reinstatement.

4. TJU presented a second version of the agreement with a subsequent date that only said "possibly" they would allow Plaintiff back into the school.

1

5. At the hearing Plaintiff then presented an email he received from assistant Dean Lopez sent to Plaintiff that clarified that difference in the language and assured that Plaintiff would definitely be allowed back.

6. TJU's lawyers, not realizing this email existed, were surprised when Plaintiff presented it at the hearing and the Judge decisively ruled in Plaintiff's favor.

7. TJU filed a motion for reconsideration saying they asked for a continuance for the hearing and that was not allowed and that Plaintiff never met the condition of entering a contract with a monitoring agency Physicians Health Program of Pennsylvania ("PHP").

8. Plaintiff showed all the efforts made to satisfy the conditions for reinstatement including meeting with the PHP and doing all the steps they were requiring him to do, which included blood tests, a brain MRI, neuropsychological testing, and flying to Chicago and spending $3500 to be fully psychiatrically evaluated at Elmhurst hospital.

9. By doing so, Plaintiff believed he had a contract with the PHP.

10. TJU argued in their motion for reconsideration that he did not have a physical monitoring contract in writing that the PHP provide eventually to others after they finish their evaluations.

11. They did not provide one to Plaintiff because Plaintiff later found out they were told by TJU unbeknownst to Plaintiff that he was never going to be allowed back.

12. The Judge then vacated the preliminary injunction and ordered a second hearing to hear if Plaintiff "complied or attempted to comply with the agreement." (*See* first page of order attached hereto as Exhibit "B", due to the Court's 20 page limitation for this motion the second page was not added to the Exhibit for this motion.)

13. Plaintiff found a lawyer to represent him for this second hearing, Mr. Christopher Kristofco.

14. Mr. Kristofco though amended the complaint to add an ADA claim saying it will help strengthen the case and since most of the claims are state law claims it won't effect the case staying in state court even though Plaintiff read that once you add a federal claim to a case it can be removed to federal court.

15. TJU's attorneys removed the case to federal court before this second hearing took place and Mr. Kristofco then eventually stopped replying to Plaintiff and replying to the Court and has since been put on administrative suspension.
(https://www.padisciplinaryboard.org/for-the-public/find-attorney/attorney-detail/200880)

16. Plaintiff then refiled the preliminary injunction request in federal court, but before holding a hearing the matter was referred to a Magistrate Judge who proposed a settlement and told the Plaintiff she believed the settlement she proposed was fair and he can use the money to start his life elsewhere.

17. Plaintiff listened to the advice of the Magistrate and agreed to her proposed settlement and Plaintiff has since done everything he can to re-establish himself and to be a qualified candidate again elsewhere.

18. Plaintiff was interviewed twice at UCF and was waitlisted both times and ultimately rejected.

19. Plaintiff was finally told though by Mr. Rel Larkin Director of Admissions that the rejection to UCF was because of what happened at Jefferson and there is nothing he is going to be able to do to change the mind of those responsible for making this decision.

20. Plaintiff applied to UM's Miller School of Medicine 3 times.

21. Initially Plaintiff was given a long list of reasons of why he was rejected and he spent 3 years trying to meet those expectations.

22. Finally after his third rejection he was told by Dr. Richard Weisman Associate Dean of Admissions their decision to reject him was because of what happened at Jefferson and there was nothing Plaintiff could do to change their mind.

23. Plaintiff applied to OSU and was rejected.

24. OSU, knowing he was dismissed from medical school, gave Plaintiff an opportunity to plead his case in a second application to them after which they would hold a committee meeting to decide if Plaintiff would be interviewed.

25. In pleading his case, Plaintiff explained everything that happened to him in the past revealing that he sued TJU.

26. OSU denied Plaintiff's 2nd application to their medical school, and Dr. Quinn Capers Associate Dean for Admission told Plaintiff the reason was because he sued TJU and *that* there was nothing he could do to change their mind.

27. Plaintiff has done everything he possibly could to avoid having to seek Court intervention for an injunction again.

28. Plaintiff faces irreparable harm if this preliminary injunction is not granted and the Defendants face no harm if the Court grants this motion.

Respectfully Submitted,

Date: September 17, 2018

Jeffrey P. Datto, Ph.D.
Pro Se Plaintiff
3352 w 98th pl
Hialeah, FL 33018
(215) 915-4416
JPDatto@gmail.com

4