**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JEFFREY PETER DATTO, Ph.D.,

    Plaintiff,

v.                                                 Case No. 6:19-cv-1456-CEM-EJK

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES and
JOHN DOES 1-5,

    Defendants.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT**

Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ("UCF"), pursuant to Local Rule 3.01(b), Middle District of Florida, submits this its Response in Opposition to Plaintiff's Motion for Leave to Amend Second Amended Complaint (Doc.231) ("Plaintiff's Motion") and states:

1. Analysis of Plaintiff's Motion is hampered by Plaintiff's failure to attach a proposed third amended complaint. Nevertheless, based upon the description of the substance of Plaintiff's proposed amendments, Plaintiff's Motion should be denied.

2. Plaintiff's Motion would accomplish nothing more than delay the Court's consideration of UCF's pending Motion to Dismiss Plaintiff's Second Amended Complaint (Doc.218). Moreover, the substantive description of Plaintiff's proposed amended pleading contains the same confusing, inconsistent and prolix statements characteristic of Plaintiff's Court filings. Based upon the information contained in Plaintiff's Motion, allowing a further amended

complaint would be nothing more than a pointless and futile attempt to correct the deficiencies in the pending Second Amended Complaint (Doc.251).

## MEMORANDUM OF LAW

Plaintiff's Motion states he would like to "supplement the disability information included" in Plaintiff's Second Amended Complaint by attaching a "statement of his disability" attached to Plaintiff's Motion as Exhibit "1" (Doc.231, p.1752).  Plaintiff's Motion also states that he would like to "remove some factual information," add comparator information, and clarify, add or delete other information based upon what the "Court believes is appropriate." *Id. 1753.*  Apparently, Plaintiff's primary purpose is to add the information contained in the six page "statement of his disability" attached to Plaintiff's Motion. *Id. 1758 – 1762*.

Plaintiff's "statement of his disability" hardly clarifies or simplifies his contentions. Rather, the "statement," similar to Plaintiff's prior Court filings, is confusing, contradictory, and laced with information which is either irrelevant or unnecessary to Plaintiff's attempts to plead a claim or cause of action.  Simply stated, Plaintiff's Motion fails to demonstrate that Plaintiff can allege anything new that is pertinent and relevant in support of his claimed causes of action.

For example, Plaintiff's "statement" is remarkably vague and unclear concerning the nature and extent of Plaintiff's *past* disabilities, the nature and extend of his *current* disabilities and, most importantly,  and the nature and extent of his disabilities (if any) *when he applied for medical school admission at UCF*.  The "statement" is also vague and confusing as to how and when Plaintiff's disabilities may have evolved or resolved over time.

While Plaintiff states that he no longer has a disability caused by the side effects of his past medications, he states that he is disabled due to an "underlying medical condition" and that he continues to have "hypomanic episodes". *Id. 1758-1759.*  He states that these "hypomanic

2

episodes" result in a state in which he is "markedly impaired due to distractibility and inability to concentrate, which affects his learning and thinking and his interaction with others." *Id. 1760*. Furthermore, he states that these episodes have happened "multiple times" and describes a recent triggering event at a hearing in the Southern District. *Id.*

The Plaintiff states that these "recent episodes" substantially limit his sleep, learning, thinking and concentration. *Id.* References are made to his "deteriorating condition" and possible brain damage as a result of his past medications. *Id. 1760-1761*. Reference too is made to a "recent" psychiatric evaluation by Dr. Dante Durant, who has apparently diagnosed Plaintiff with "chronic recurrent depression, narcissistic personality disorder and anti-social personality" and has "opined that Plaintiff will likely decompensate again if put in stressful situations and is not under treatment." *Id. 1762*. Plaintiff comments that "personality disorders are the type of diagnoses given to sociopaths and serial killers and are refractory to known medications." *Id. 1762*. Plaintiff states reassuringly, however, that he has no past criminal history and "does not condone violence." *Id.* In short, Plaintiff's "statement" hardly supports the notion that Plaintiff is a "qualified individual" who can, with or without reasonable accommodation, perform the essential functions of a medical student or a practicing physician.

A motion for leave to file an amended complaint may be denied on the basis of "undo delay, bad faith, or dilatory motive on the part of the movement. . ." <u>Pioneer Medals, Inc. v. Univar U.S.A., Inc.</u>, 168 F. App'x 335, 337 (11th Circuit 2006) quoting <u>Forman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, N.L. Ed. 2d 222 (1962). A motion for leave to amend may also be denied if deemed futile. <u>Coventry First, LLC v. McCarty</u>, 605 F.3d 865, 869 (11th Circuit 2010). It is hard to see any motivation for Plaintiff's Motion other than to delay or avoid a ruling on UCF's pending Motion to Dismiss the Second Amended Complaint. Furthermore, nothing in

Plaintiff's Motion contains or presents any new or additional substantive grounds that would support Plaintiff's claims. On the contrary, the entire tenure of Plaintiff's Motion is the presentation of facts and information which seem to only support and justify UCF's denials of Plaintiff's medical school application.

WHEREFORE, Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, respectfully requests this Court to enter an order denying Plaintiff's Motion for Leave to Amend Second Amended Complaint.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Electronic Mail via the Middle District CM/ECF Filing System to: Jeffrey Peter Datto, Ph.D., 3352 W. 98th Place, Hialeah, Florida 33018; jpdatto@gmail.com, on this 20th day of December, 2019.

/s/ Ronald L. Harrop
RONALD L. HARROP, ESQUIRE
Florida Bar Number: 260584
rharrop@oconlaw.com
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Avenue, Ste 1350
Orlando, FL 32803
(407) 843-2100
(407) 843-2061 Facsimile
*Attorney for Defendants University of Central Florida Board of Trustees*

T: 121919:1441:2144