UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFFREY PETER DATTO,
PH.D.,
    Plaintiff,

v.             Case No:  6:19-CV-1456-Orl-41EJK

THE UNIVERSITY OF
CENTRAL FLORIDA BOARD
OF TRUSTEES AND JOHN
DOES 1-5
    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO ACCEPT OUT OF TIME RESPONSE TO MOTION FOR LEAVE TO AMEND THIRD AMENDED COMPLAINT**

  Plaintiff appreciates this opportunity to respond to the Motion to Accept out of Time Response to Plaintiff's Motion for Leave to Amend the Third Amended Complaint by Defendant, University of Central Florida Board of Trustees ("UCF"). ECF No. [248].

  Defense Counsel admits in this motion that their response to the Motion for Leave to Amend the Third Amended Complaint was due on June 18, 2020, but was not first attempted to be submitted until June 19, 2020, a day late.  Their response did not actually get submitted until June 22, 2020, four days late, due to some "unknown" issue with the CM/ECF filing system, and this motion requesting allowance of that late response was not submitted until June 23, 2020, five days late.

  This lawsuit is of critical importance to the Plaintiff and apparently is not being taken seriously enough by Defendant and its Counsel.  If Plaintiff had a deadline of June 18, 2020, as 5pm got close he would have been on top of his administrative staff as to

1

why it hadn't been submitted yet. Then as midnight approached, Plaintiff would have been in panic mode doing everything possible to ensure it was filed, or some motion for an extension of time was filed before the deadline expired. However, Defense Counsel admits that the first submission attempt wasn't until the next day and Defense Counsel did nothing to question his staff on the day it was due as to why it hadn't been submitted yet. Defense Counsel failed and now asks the Court to be excused for his failure.

Additionally, the heart of the issue here is that a Duke-educated Defense Counsel and partner at a premiere law firm in Orlando, representing a nationally recognized AAMC medical school, is asking to be excused for their neglect in not responding in time to a motion for leave to amend, a non-dipositive motion, but they argue that a pro se Plaintiff, who is doing his best to figure out the rules along the way, should not be excused for his "alleged" neglect of omitting facts from the operative complaint causing him to file a motion for leave to amend.

### **Response to Averments 1-5**

For this response, Plaintiff will respond sequentially first to the averments 1-5 and then to UCF's Memorandum of law:

1. Admitted.
2. Admitted.
3. Admitted.
4. Plaintiff is without knowledge to admit or deny this averment, but Defense Counsel admits that the initial attempt to file a response came a day late.
5. Admitted.

## RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW

Both Rule 60(b)(1) and Rule 6(b)(1)(B) allow relief due to errors because of "excusable neglect."

As for "excusable neglect" under 60(b)(1), "'[a]ttorney negligence or oversight is rarely grounds for relief' under the rule 60(b) provision for excusable neglect. *United States v. Real Property and Residence*, 920 F.2d 788, 792 (11th Cir. 1991); see also *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) ('This Court has demonstrated its wariness of grants of Rule 60(b)(1) relief for excusable neglect based on claims of attorney error.'); *Solaroll Shade*, 803 F.2d at 1132 (11th Cir. 1986) ('an attorney's negligent failure to respond to a motion does not constitute excusable neglect'). This does not actually penalize innocent clients because a person voluntarily chooses his attorney as his representative and, therefore, the client cannot escape any deficiencies of his case by claiming negligence in the acts or omissions of his attorney. *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962); see also *Cavaliere*, 996 F.2d at 1115 ('This Court rejected that argument even though such a result 'appeared to penalize innocent clients for the forgetfulness of their attorneys.'')." *McGrew v. Lovette*, 2011 WL 773026 (S.D. Ala. 2011).

As for "excusable neglect" under Rule 6(b), the 11th Circuit has stated "Appellants' motion for additional time to respond was filed four days late. It asserts as 'excusable neglect' only that appellants' counsel is a solo practitioner and was engaged in the preparation of other cases. The fact that counsel has a busy practice does not establish 'excusable neglect' under Rule 6(b)(2)." *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1387 (11th Cir. 1981). UCF is represented by a well-staffed law firm, and Defense

3

Counsel's apparent excuse that he was too busy to keep track of the submission for this filing is not excusable neglect. Defense Counsel gets direct notifications to his email immediately once a filing is submitted. If he wasn't preoccupied with other things that were more important to him than this matter, then he very well should have known on the eve of the submission deadline that he received no submission notifications by email through CM/ECF, but never once did Defense Counsel try to figure out why from his staff before the expiration of the submission deadline.

"The determination of whether to accept a late filing based on excusable neglect is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.' *Pioneer Inv. Servs. V. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). Excusable neglect is determined by looking at four factors: 'the danger of prejudice to the [opposing party], the length of the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.' *Id*." *Vieczorek v. Khorrami*, 2019 WL 1082431 (M.D. Fla. 2019). See also *Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir.1999) for use of same standard for "excusable neglect" under Rule 6(b)(1)(B).

As an analysis of these 4 factors for this matter, (1) Plaintiff would be severely prejudiced if the end result of excusing this neglect would be dismissal of his lawsuit. (2) As for moving for this relief 5 days late, 4 days late wasn't excused by the 11th Circuit in *McLaughlin.* (3) Defense Counsel was in complete control of this neglect. As admitted in this motion, prior to the deadline expiring, Defense Counsel never once inquired about when it was going to get filed. Defense Counsel didn't once inquire about what was going on until 5 days later when he then asked if Plaintiff would oppose this relief and

4

then instantly rushed to file this motion that same day. See Exhibit "A". (4) Five days late, the Movant acted. It wasn't in bad faith and it wasn't in good faith. Thus, Plaintiff argues factors 2, 3, and 4 already are tipping the scale in his favor. However, factor 1 resides heavily in Plaintiff's favor, which the 11th Circuit deems is one of the two most important factors. ("While the district court did note that the delay was within the movant's control, one factor in the *Pioneer* analysis, the district court failed to consider both the prejudice to the nonmoving party and the impact on the administration of justice, **the two factors we have previously recognized as having primary importance** in the analysis. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201 (11th Cir. 1999)." *Goncalves v. SECRETARY, DEPARTMENT OF CORRECTIONS*, 745 Fed.Appx. 151 (Mem) (11th Cir. 2018)). "[T]he purpose of allowing amendments is to resolve litigation on the merits, and decisions based upon the merits generally are favored under the Rules. *See Foman v. Davis*, 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)." *Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 545 (11th Cir. 2002) (en banc).

Also, the overall matter of equity "taking account of all relevant circumstances" resides strongly in Plaintiff's favor as well. If pro se Plaintiff erred by omitting facts that Defense Counsel allege for the first time are needed in their pending motion to dismiss, why should the Court excuse the neglect of UCF's counsel by filing a late response to Plaintiff's motion for leave to amend, but not excuse the "alleged" neglect of Plaintiff omitting facts causing the need for leave to amend?

The bottom line, though, is that Plaintiff believes this is all wasted time because UCF's motion to dismiss under FRCP 12(b)(6) should be denied and there should be no

need for leave to amend the complaint at this point in time, and this motion to file a late response to the motion for leave to amend just continues the frivolous and meritless filings of Defense Counsel for which only Defense Counsel is being paid a handsome salary thanks to the State of Florida right now, while Plaintiff, who has 2 daughters to support, a 16-month-old and a 2 ¾-year-old, is not being paid anything at all.  These filings, starting with the errant motion to dismiss, have all been taking away time from paid activities needed for Plaintiff to support his daughters such that Plaintiff believes he should be compensated for them at the rate of at least $20/hour because UCF and its Counsel's frivolous arguments have been needlessly causing delay and increasing the cost of litigation in violation of FRCP 11(b)(1) and 11(b)(2), which this Court could enter an order to show cause why they haven't been under FRCP 11(c)(3).

                                                      Respectfully Submitted,

Date: 7/7/2020                                        /s/ Jeffrey P. Datto
                                                           Jeffrey P. Datto, Ph.D.
                                                           Pro Se Plaintiff
                                                           3352 w 98th pl
                                                           Hialeah, FL 33018
                                                           (786) 593-1271
                                                           JPDatto@gmail.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Electronic Mail via the Middle District CM/ECF Filing System to Ronald L. Harrop, Esquire, RHarrop@oconlaw.com O'Connor & O' Connor, LLC.  800 N Magnolia Ave, Ste 1350, Orlando, FL 32803 on this 7th day of July.

Respectfully Submitted,

Date: 7/7/2020

/s/ Jeffrey P. Datto
Jeffrey P. Datto, Ph.D.
Pro Se Plaintiff
3352 w 98th pl
Hialeah, FL 33018
(786) 593-1271
JPDatto@gmail.com