UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:19-cv-01456-CEM-EJK

JEFFREY PETER DATTO, Ph.D.,

    Plaintiff,

v.

UNIVERSITY OF CENTRAL FLORIDA
BOARD OF TRUSTEES and
JOHN DOES 1 – 5,

    Defendants.
_____/

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY

Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ("UCF"), submits this its Response to Plaintiff's Motion to Reopen Discovery (Doc. 250) and states:

*Background*

On November 22, 2019, the Court entered an Order (Doc. 228) granting UCF's Motion to Stay Discovery (Doc. 221) pending a ruling on UCF's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 218). Before the issuance of an order on UCF's pending motion to dismiss, Plaintiff obtained an Order (Doc. 234) which allowed the filing of a Third Amended Complaint on February 27, 2020 (Doc. 236). UCF again filed a motion to dismiss (Doc. 242).

While UCF's Motion to Dismiss Plaintiff's Third Amended Complaint remains pending, on June 4, 2020, Plaintiff filed yet another motion for leave to amend his complaint (Doc. 246). At present, both UCF's Motion to Dismiss the Third Amended Complaint and Plaintiff's motion

to allow the filing of a fourth amended complaint remain pending. With this procedural posture, Plaintiff now requests that discovery be re-opened (Doc. 250).

*Discovery Should Not be Reopened*

Nothing has changed since the prior Order staying discovery (Doc. 228) which would warrant the reopening of discovery. On the contrary, the status of the pleadings, and what claims (if any) may ultimately prove to be viable, is still very much in doubt. In fact, given Plaintiff's pending motion to further amend his complaint, the status of the pleading is arguably more in flux than at the time the discovery stay order was entered.

Certainly, reopening discovery at this juncture would likely incur unnecessary expense by *both* parties. The *pro se* Plaintiff may not be fully cognizant of the costs associated with discovery, especially the costs associated with court reporters and depositions. A continued stay of discovery inures to the benefit of the Plaintiff, as much as, if not more, than the Defendant.

In support of his Motion to Reopen Discovery, Plaintiff attaches copies of two orders recently entered in his nearly identical lawsuit against Florida International University ("FIU"), *Jeffrey Peter Datto, Ph.D. v. Florida International University Board of Trustees, et al.*, Southern District of Florida, Case No.: 1:20-cv-20360, denying FIU's motion to stay discovery, and granting and denying, in part, FIU's motion to dismiss Plaintiff's initial complaint. While Plaintiff avoided a dismissal with prejudice of his claims against FIU, Plaintiff has fared less well in his pending lawsuit against the University of Miami ("UM"). On July 23, 2020, in *Jeffrey Peter Datto, Ph.D. v. the University of Miami, et al.,* Southern District of Florida, Case No.: 18-cv-21053, a Report and Recommendation was issued by Magistrate Judge, Lauren Louis, a copy of which is attached hereto as Exhibit "A." In the Report and Recommendation, Judge Louis recommended that Plaintiff's ADA and Rehab Act educational claims, based on his

2

failure to gain admission to UM's medical school, should be dismissed **with prejudice.**[1] (See Exhibit "A," pp.14-21; 21-23). Thus, while Plaintiff may contend otherwise, his modicum of success in his litigation against FIU is not necessarily prognostic of the result here, and does not militate in favor of lifting the stay order.

Unlike the FIU case, Plaintiff here has had two opportunities to amend his pleadings against UCF. There is thus a heightened possibility that Plaintiff's pending claims may be dismissed, with prejudice, which argues strongly argues in favor of a continued discovery stay.

Finely, it is appropriate to note that Plaintiff is a *pro se* litigant who recently filed an Amended Notice of Pendency of Other Actions (Doc. 253) identifying thirteen other pending or prior litigation matters. If discovery is re-opened, there is every reason to suspect disputes will arise given the fact that Plaintiff is untrained in the rules of evidence and discovery. While Defendant does not deny or dispute the unquestioned right of any *pro se* litigant to conduct discovery, where, as here, the *bona fides* of Plaintiff's claims have not yet been established, the deferral of discovery is appropriate.

WHEREFORE, Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES, respectfully requests this Court to enter an Order denying Plaintiff's Motion to Reopen Discovery.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by Electronic Service through the Florida E-Portal System to: Jeffrey Peter Datto, Ph.D., 3352 W. 98th Place, Hialeah, FL 33018; jpdatto@gmail.com, on this 28th day of July, 2020.

---

[1] In his case against UM, Plaintiff also asserted as assortment of employment related claims based on his past employment with UM as a research scientist.

3

_____
RONALD L. HARROP, ESQUIRE
Florida Bar Number: 260584
rharrop@oconlaw.com
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Avenue, Ste 1350
Orlando, FL  32803
(407) 843-2100
(407) 843-2061 Facsimile
*Attorney for Defendant University of Central Florida Board of Trustees*